IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3383 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| OFFICER MERRILL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 18, the "Motion for TRO/Pre-Inj De-Novo" filed by the plaintiff, Tyrell Knight; (2) filing no. 22, the plaintiff's Motion for Default Judgment; (3) filing no. 24, the plaintiff's Motion for TRO/Pre-Inj; and (4) filing no. 26, the Motion for Enlargement of Time filed by the defendant, Officer David Merrill. The court construes filing nos. 18 and 24 as Motions for a Temporary Restraining Order ("TRO").

The plaintiff, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), alleges that the defendant, Corrections Officer David Merrill, almost killed the plaintiff by administering the wrong medication to the plaintiff, i.e., controlled substances which had been prescribed for the use of another inmate. In his Motions for a TRO, the plaintiff seeks to enjoin Officer Merrill and other "non-medical" prison personnel from distributing or administering to inmates any anti-psychotic medication or other controlled substances.

The plaintiff, as a pro se party, may not represent the interests of anyone other than himself. See, e.g., Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Consequently, the preliminary injunctive relief the plaintiff seeks is too broad. In addition, the court has previously denied a Motion for TRO (filing no. 14) in this case as premature (filing no. 17).

However, as the court also noted in filing no. 17, the practice of authorizing prison employees without medical training to dispense medications to inmates is disturbing because of the significant risk such practices pose to a "captive" population. The allegations of the complaint, if true, suggest that Officer Merrill has, at least once, inflicted life-threatening injury on the plaintiff. Whether Officer Merrill deliberately disregarded known risks to persons such as the plaintiff remains to be determined. However, based on past events and an ongoing policy which has the potential to inflict serious harm, the likelihood of immediate and irreparable injury appears significant, and the factors set forth

1

in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (see cases cited in filing no. 17) weigh in favor of the plaintiff.  Therefore, at least until and unless a factual record before the court compels a different decision, I will enjoin Officer Merrill from dispensing medication of any kind to the plaintiff.

Because the defendant has been sued in both his individual and official capacities (filing no. 19), the State of Nebraska, acting through DCS, is a co-defendant in this case. Thus, the State, acting through DCS, has been placed on notice by the events recounted by the plaintiff and has  received fair warning by the court, at least as to any future cases, that the policy of authorizing prison employees with no medical training to dispense medications to inmates has the potential to cause life-threatening injury.

It appears from the return of service (filing no. 21) that the U.S. Marshal's office served the defendant on February 11, 2005.  The defendant then had twenty (20) days to answer or otherwise respond to the complaint.  When he did not respond, the plaintiff filed a Motion for Default Judgment (filing no. 24) on March 22, 2005.  The defendant then moved on April 22, 2005 for an extension of time to answer or otherwise respond to the complaint.  The court generally affords pro se parties liberal construction of their pleadings and more procedural guidance than would otherwise be provided to litigants.  The court also liberally grants extensions of time to pro se plaintiffs.  In the court's view, the same courtesy should be extended to a defendant. Therefore, the defendant's Motion for Enlargement of Time will be granted, and the plaintiff's Motion for Default Judgment is, therefore, moot and will be denied.

THEREFORE, IT IS ORDERED:

1.      That filing nos. 18 and 24 are granted in part, as follows, and are otherwise denied: Until and unless a factual record before the court compels a different decision, Corrections Officer David Merrill is enjoined from dispensing medication of any kind to the plaintiff;

2.      That filing no. 22, the plaintiff's Motion for Default Judgment, is denied; and

3.      That filing no. 26, the defendant's Motion for Enlargement of Time, is granted, and the defendant shall have until May 31, 2005 to answer or otherwise respond to the complaint.

DATED this 25th day of April, 2005.

BY THE COURT:


/s/ Joseph F. Bataillon
Joseph F. Bataillon
Chief District Judge